UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIRAGE WINE + SPIRITS, INC., d/b/a MIRAGE WINE & SPIRITS, MARTLET MEADOWS FARM, LLC, d/b/a DOUBLE BUBBLE CAR WASH; PARCELLE LLC, d/b/a PARCELLE ORGANICS; FOGGY BOTTOMS BOYS, LLC; and FAMILIA COFFEE, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiffs,<br><br> v.<br><br>APPLE INC., VISA INC., and MASTERCARD INCORPORATED,<br><br>         Defendants. | Case No. 3:23-cv-3942-DWD<br><br>Hon. David W. Dugan |

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF
DISPOSITIVE MOTIONS AND BRIEF IN SUPPORT**

  Apple Inc. ("Apple"), Visa Inc. ("Visa"), and Mastercard Incorporated ("Mastercard") (collectively, "Defendants") respectfully move this Court for an order staying discovery pending resolution of Defendants' motions to dismiss Plaintiffs' Amended Complaint.[1] Plaintiffs do not consent to this stay.[2]

**PRELIMINARY STATEMENT**

  Plaintiffs allege that when Apple debuted Apple Pay, it entered into a horizontal market allocation conspiracy with Visa, Mastercard, and the other card payment networks to refrain from

---

[1] As required by Local Rule 26.1(c), parties met and conferred on September 24, 2024, and exchanged views in prior status reports in this matter, regarding a stay of discovery pending the Court's ruling on the motions to dismiss the Amended Complaint.

[2] On August 28, 2024, this Court adopted the parties' joint report and proposed scheduling and discovery order. *See* Joint Report of the Parties and Proposed Scheduling & Disc. Order (Class Action), ECF No. 112. This schedule was entered without prejudice to Defendants' desire to have discovery stayed pending resolution of Defendants' motions to dismiss. *See* Minute Order, ECF No. 100 ("Defendants . . . request that no scheduling and discovery order be entered . . . until the Court resolves their motions to dismiss . . . . The parties are FURTHER ADVISED that they may file any motion that they deem necessary and appropriate in this case.").

building its own competing network. On this theory, Plaintiffs assert a cause of action under Section 1 of the Sherman Act. Plaintiffs base their claim entirely upon separate contracts that Apple entered into with Visa and with Mastercard to allow Apple Pay transactions to be routed through those respective payment networks. *See, e.g.*, Am. Compl. ¶¶ 55−63, 74–83.

As set forth in Defendants' contemporaneously filed motions to dismiss, the contracts Plaintiffs attempt to recast as a market allocation conspiracy do not contain any of the alleged restraints on competition, and indeed expressly refute Plaintiffs' antitrust theory. And, Plaintiffs fail to allege any other facts that would indirectly support the existence of the alleged restraints. Plaintiffs therefore fail to plead the most basic element of a Section 1 Sherman Act claim—an agreement in restraint of trade. Defendants' motions attach the pertinent contracts. Because these contracts are incorporated by reference into the Amended Complaint, no discovery is required for the Court to determine that the contracts themselves do not contain the alleged restraints and therefore cannot serve as the basis for Plaintiffs' Section 1 claim.

Plaintiffs' Section 1 claim also fails for the additional and independent reason that Plaintiffs lack antitrust standing. Plaintiffs' injury theory depends entirely on a speculative causal chain that would require showing that (1) Apple would have undertaken the steps and significant investments required to build a competing payment network; (2) the network would have launched successfully; (3) the network would have achieved widespread adoption; (4) the network would have gained market-wide adoption sufficient to put competitive price pressure on interchange fees set by the incumbent payment networks; and (5) any resulting cost savings would have been passed on to merchants in the putative class. Where, as here, the causal chain set forth in the complaint is impermissibly speculative, antitrust standing may be resolved as a matter of law without any need for discovery.

Dismissal on either ground (failure to plead a market allocation conspiracy or lack of antitrust standing) would dispose of the entire action and thereby avoid the significant costs of federal civil antitrust discovery. Even if the motions are only granted in part, the result would simplify the case and narrow discovery substantially. Further, Plaintiffs will not be prejudiced by a short delay in beginning discovery because no discovery is needed to respond to or resolve Defendants' motions to dismiss, and Plaintiffs have not demonstrated any urgency in seeking relief; to the contrary, they challenge conduct that is over a decade old. In the interest of judicial economy and reducing the burdens on the parties, and consistent with this Court's practices in similar recent antitrust cases,[3] this Court should enter a short stay pending resolution of Defendants' dispositive motions.

## LEGAL STANDARD

A district court has broad discretion to grant a stay of discovery when there is "good cause." Fed. R. Civ. P. 26(c)(1); *see also Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013) (observing that "district courts enjoy extremely broad discretion in controlling discovery"). Courts may find good cause to grant a stay of discovery pending rulings on motions to dismiss. *See Alexander v. Take-Two Interactive Software, Inc.*, 2019 WL 2176321, at *1 (S.D. Ill. May 20, 2019).

"In determining whether to grant a motion to stay, courts typically consider three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a

---

[3] *See e.g.*, Minute Order, *Kraemer v. USHealth Advisors, LLC*, No. 3:24-cv-00275-DWD (S.D. Ill. June 11, 2024) (Dugan, J.) ("*Kraemer* Minute Order") (granting motion to stay and vacating previously entered scheduling order where "a stay will not prejudice Plaintiff, may simplify the issues in the case, and may reduce the burdens of litigation for the parties and the Court"); Minute Order, *Mayhew et al v. Candid Color Sys., Inc. et al*, No. 3:23-cv-02964-DWD (S.D. Ill. Mar. 14, 2024) (Dugan, J.) ("*Mayhew* Minute Order") (similar).

stay will reduce the burden of litigation on the parties and the court." *Inovateus Solar, LLC v. QBE Ins. Corp.*, 2022 WL 3684734, at *1 (S.D. Ill. Aug. 25, 2022).[4] Consistent with this standard, this Court recognized earlier this year that "a stay of discovery may be appropriate, before expensive discovery ensues, when a party raises a potentially dispositive . . . issue." *Mayhew* Minute Order, *supra* (citing *Alexander*, 2019 WL 2176321, at *1; *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79−80 (1988)).  "[C]ourts have recognized the appropriateness of a stay where the motion to dismiss can resolve the case, or where the requested discovery is unlikely to produce facts necessary to defeat the motion." *Hardimon v. SCF Lewis and Clark Fleeting LLC*, 2022 WL 1104738, at *3 (S.D. Ill. Apr. 13, 2022); *see also Kraemer* Minute Order, *supra* (granting motion to stay where motion to dismiss may "fully dispose" of the action).  A stay may also be appropriate where resolution of "the motions [to dismiss] would greatly narrow the issues" and thus "is likely to result in simplifying the issues in the case." *Viehwig v. City of Mount Olive*, 2021 WL 4432821, at *1 (C.D. Ill. Sept. 27, 2021).

## ARGUMENT

Good cause exists to stay discovery pending a ruling on Defendants' motions to dismiss.  As discussed below, all three factors at issue weigh in favor of a stay:  (a) Plaintiffs will not be prejudiced or disadvantaged by a brief stay of discovery; (b) if successful, the motions to dismiss will dispose of this action entirely or substantially narrow the issues; and (c) the stay will reduce the burden of litigation on the parties and on this Court.

---

[4] *See also DeBoard v. BH Urban Station, LLC*, 2023 WL 1363346, at *1 (S.D. Ind. 2023); *Conrad v. Boiron, Inc.*, 2014 WL 2937021, at *3 (N.D. Ill. June 30, 2014); *Chandler v. Zinus, Inc.*, 2020 WL 12846610 (S.D. Ill. Sept. 10, 2020); *Alexander*, 2019 WL 2176321, at *1; *Walker v. Merck & Co., Inc.*, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005); *Holmes v. Inmar Inc.*, 2022 WL 4596695, at *1 (C.D. Ill. June 1, 2022).

### A. Plaintiffs Will Not be Prejudiced or Disadvantaged by a Brief Stay of Discovery

Plaintiffs will not be prejudiced or disadvantaged by a brief stay pending decisions on Defendants' motions to dismiss. *See DeBoard*, 2023 WL 1363346, at *2 (granting motion to stay where case was still in its early stages, defendants represented that they would comply with their duty to preserve evidence and no evidence would be spoiled, and discovery was not necessary to plaintiff's defense against motions to dismiss).

First, Plaintiffs do not need discovery to respond to these motions. The motions turn on only the allegations in the Amended Complaint and the written contracts incorporated therein (which Defendants have attached to their motions).

Second, Plaintiffs do not have any other interest in obtaining immediate discovery. For instance, they have not sought (and could not credibly seek) the type of emergency relief that might in some circumstances warrant discovery during the pendency of motions to dismiss. Instead, Plaintiffs have asserted a complex nationwide putative class action that does not seek and will not afford any relief on a short-term basis. In putative class actions in particular, "courts regularly stay discovery pending a ruling on a motion to dismiss" due to the "burden, time, and expense often associated with responding to discovery" in such cases. *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *2 (N.D. Ill. Mar. 9, 2022) (granting stay of discovery in putative class action where "[a] ruling in [defendant's] favor on the motion to dismiss–in whole or in part–could greatly affect the cost and scope of discovery taken").

Third, Plaintiffs have not demonstrated any urgency in seeking relief. Plaintiffs challenge conduct that is over a decade old. In particular, Plaintiff Mirage Wine + Spirits, Inc. is challenging the alleged conduct only now, despite claiming it has caused Plaintiff harm for at

least the last five years.[5]  And the putative class consists of entities that first started accepting Visa- or Mastercard-branded payment cards about five years ago.  Also, a short discovery stay will not prejudice Plaintiffs' ability in the future to access any relevant evidence.  *See Kraemer* Minute Order, *supra* (granting stay after finding lack of prejudice to plaintiffs based on, among other things, indications that relevant evidence was being preserved—such that there was no risk of plaintiffs' being unable to access such information at a later date if the case proceeds.[6]

### B. Resolution of the Motions to Dismiss May Dispose of This Action Entirely or Substantially Narrow the Issues

Defendants' motions to dismiss "can resolve the case," and, even if granted only in part, will "greatly narrow the issues."  *Hardimon*, 2022 WL 1104738, at *3; *Viehwig*, 2021 WL 4432821, at *1.  These motions demonstrate that Plaintiffs misrepresent the agreements they describe in the Amended Complaint and fail to set forth any facts that would support any

---

[5] Plaintiffs challenge Defendants' conduct dating back to 2019 (rather than some earlier date) in an effort to avoid violating the release in the Rule 23(b)(3) class action settled in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720 (E.D.N.Y.) ("MDL 1720"), in which counsel for Plaintiffs here likewise served as class counsel.  *See* Am. Compl. ¶ 7 (defining the putative class to include merchants that did not accept Apple Pay before January 25, 2019 and "have not otherwise released the claims asserted in this Complaint"); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2019 WL 6875472, at *2–3 (E.D.N.Y. Dec. 16, 2019) (granting final approval to settlement involving class of merchants that accepted certain payment cards through January 24, 2019).

[6] Indeed, in MDL 1720, Visa and Mastercard have collected and produced tens of millions of pages of documents and have been under document holds for that MDL, in addition to document holds put in place more recently that cover the theories in this action.  That record includes discovery that was taken of Apple as a third party.  The agreements at issue here are among the many issues being litigated in that MDL.  The breadth of the claims and number of other parties in MDL 1720 means that the MDL 1720 record sweeps far more broadly than the discovery needed for the present case, and the MDL 1720 record includes extensive information and materials that are highly confidential to myriad third parties that cannot simply be reproduced to Plaintiffs without culling and reviewing the record and providing notice to (and potentially seeking consent of) numerous third parties.  Nor would it make any sense to cull and produce small portions of this record in the near term as doing so could lead to multiple rounds of notice to the same third-parties prior to the production of their confidential information, creating needless confusion and burden.  Nonetheless, the existence of that sweeping record and the corresponding document holds already in place obviates any concern about a discovery stay resulting in evidence being lost.

agreement in restraint of trade.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553−57 (2007). Plaintiffs point only to a discrete number of written contracts as the supposed source of the allegedly unlawful conspiracy among Apple, Visa, Mastercard and other networks for Apple to not enter the payment network business.  Plaintiffs allege no other facts from which such an agreement could be inferred indirectly.  But those contracts—attached to Defendants' motions—refute Plaintiffs' theory because they do not contain the restraints of trade that Plaintiffs allege. To the contrary, the contracts expressly (i) guarantee Apple's broad ability to act unilaterally in making decisions about Apple Pay, (ii) acknowledge and preserve Apple's right to compete with Visa or Mastercard, and (iii) do not require Apple to restrict any third party's ability to compete with Visa or Mastercard.  *See* Visa and Mastercard's Memo. in Support of Mot. to Dismiss at 12–16; Apple's Memo. in Support of Mot. to Dismiss at 8–17.

Plaintiffs' Section 1 claim also fails for the additional and independent reason that Plaintiffs fail to plead antitrust standing.  Plaintiffs' injury theory depends upon a wholly speculative causal chain presuming that, in the absence of the alleged unlawful agreement, (1) Apple would have actually expended the significant resources to build its own competing payment card network; (2) the network would have launched successfully; (3) the network would have gained widespread adoption; (4) the market penetration of Apple's network would have been so significant as to place downward pricing pressure on the interchange fees set by the incumbent payment networks; and (5) any resulting costs savings would have been passed on to merchants.  *See* Apple's Memo. in Support of Mot. to Dismiss at 17–20.

Resolution of these motions would therefore dispose of this case in its entirety without need for the substantial expense of discovery.  *See Hardimon*, 2022 WL 1104738, at *3 (granting defendants' motion to dismiss when "[t]he Court finds that because a motion to dismiss may

dispose of the instant case against [defendants], and Plaintiff has failed to show that additional discovery is needed to oppose the motion, or that they will suffer prejudice"). Even partial resolution in Defendants' favor would substantially simplify the litigation and minimize necessary discovery. *See Viehwig*, 2021 WL 4432821, at *1 (granting stay where motion to dismiss would "simplify[] the issues in the case").

### C. A Brief Stay of Discovery Would Reduce the Burden on the Court and the Parties

"[A]s the Supreme Court has recognized, staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming[,] and expensive." *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *4 (N.D. Cal. Apr. 10, 2020) (citation omitted); *see also Twombly*, 550 U.S. at 558-59 (antitrust discovery is "expensive" and "inevitably costly"). Here, discovery likely would involve mining the sizable record in MDL 1720, undertaking a costly and time-consuming process of third-party notice to entities whose confidential information is contained in that record, and searching for additional sources of information—including from non-defendant payment networks Discover and Amex. Favorable decisions on Defendants' motions to dismiss would resolve (or at least greatly streamline) the case without subjecting the parties and the Court to the burden, time, and expense associated with discovery in a putative nationwide antitrust class action. For these reasons, courts in this Circuit regularly stay discovery based on similar considerations. *See Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J. sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase."); *Morrison v. YTB Intern., Inc.*, 2010 WL 1931127 (S.D. Ill. May 13, 2020) (granting stay of discovery pending resolution on an abstention issue, after "having weighed carefully

considerations of judicial economy and the interests of the parties, including Defendants' interest in not being put to the expense of responding to discovery on behalf of a nationwide class"). This Court should do the same here.

## CONCLUSION

Defendants respectfully request that the Court stay all discovery and vacate the current scheduling order (ECF No. 112) until the Court issues its decisions on the pending motions to dismiss the Amended Complaint.

| | |
|---|---|
| DATED:  September 26, 2024 | Respectfully submitted, |

                                                   **HOLWELL SHUSTER & GOLDBERG LLP**

                                                   /s/ *Demian A. Ordway*

                                                   Michael S. Shuster (admitted *pro hac vice*)
                                                   Demian A. Ordway (admitted *pro hac vice*)
                                                   425 Lexington Avenue
                                                   New York, NY 10017
                                                   (646) 837-5151
                                                   mshuster@hsgllp.com
                                                   dordway@hsgllp.com

                                               **ARNOLD & PORTER KAYE SCHOLER LLP**

                                                 Robert J. Vizas  (*pro hac vice* forthcoming)
                                                 Three Embarcadero Center, Tenth Floor
                                                 San Francisco, CA 94111-4024
                                                 (415) 471.3100
                                                 robert.vizas@ arnoldporter.com

                                                 Anne P. Davis (admitted *pro hac vice*)
                                                 Matthew A. Eisenstein (admitted *pro hac vice*)
                                                 Rosemary Szanyi (admitted *pro hac vice*)
                                                 Michael A. Rubin (admitted *pro hac vice*)
                                                 601 Massachusetts Avenue, NW
                                                 Washington, DC 20001-3743
                                                 (202) 942-5000
                                                 anne.davis@arnoldporter.com
                                                 matthew.eisenstein@arnoldporter.com
                                                 rosemary.szanyi@arnoldporter.com
                                                 michael.rubin@arnoldporter.com

                                                 Valarie Hays (admitted *pro hac vice*)
                                                 Nicholas Zebrowski (admitted *pro hac vice*)
                                                 70 West Madison Street, Suite 4200
                                                 Chicago, Illinois 60602-4321
                                                 (312) 583-2440
                                                 valarie.hays@arnoldporter.com
                                                 nicholas.zebrowski@arnoldporter.com

                                                 *Counsel for Defendant Visa Inc.*

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**

Brette Tannenbaum (admitted *pro hac vice*)
Nina Kovalenko (admitted *pro hac vice*)
Gary R. Carney (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
btannenbaum@paulweiss.com
nkovalenko@paulweiss.com
gcarney@paulweiss.com

Kenneth A. Gallo (*pro hac vice* forthcoming)
Donna M. Ioffredo (admitted *pro hac vice*)
2001 K Street, NW
Washington, DC 20006-1047
Tel.: (202) 223-7300
Fax: (202) 223-7420
kgallo@paulweiss.com
dioffredo@paulweiss.com

*Counsel for Defendant Mastercard Incorporated*

**LATHAM & WATKINS LLP**

Belinda S Lee (admitted *pro hac vice*)
Sarah M. Ray (admitted *pro hac vice*)
Ashley M. Bauer (admitted *pro hac vice*)
Aaron T. Chiu (admitted *pro hac vice*)
Alicia R. Jovais (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
belinda.lee@lw.com
sarah.ray@lw.com
ashley.bauer@lw.com
aaron.chiu@lw.com
alicia.jovais@lw.com

Gary Feinerman (IL Bar No. 6206906)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
gary.feinerman@lw.com

*Counsel for Defendant Apple Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2024, I caused a true and correct copy of the foregoing to be served on all counsel of record for all parties that have appeared via the Court's CM/ECF System.

*/s/ Demian A. Ordway*
Demian A. Ordway